POLSTON, C.J.,
dissenting.
Because Trinidad v. Florida Peninsula Insurance Co., 99 So.3d 502 (Fla. 3d DCA 2011), does not expressly and directly conflict with Goff v. State Farm Florida In *444 surance Co., 999 So.2d 684 (Fla. 2d DCA 2008), I would discharge this case for lack of jurisdiction. See art. V, § 3(b)(3), Fla. Const.
The express and direct conflict our constitution requires does not exist here. Here, the alleged conflict case, Goff, involves different facts and answers a different legal question than the decision on review. In Goff, the Second District examined an insurance policy that required the insurer to pay its insured “actual cash value at the time of loss.” 999 So.2d at 686. The question of law before the court was “whether overhead and profit is de-preciable in determining [the amount of the] actual cash value” payment owed. Id. at 689. After recognizing that “[a]ctual cash value includes overhead and profit where the insured is reasonably likely to need a general contractor for repairs,” the Second District in Goff held that a portion of the overhead and profit could be withheld from the payment as depreciation. Id. at 689, 690.
In contrast, the decision on review, Trinidad, involves neither an actual cash value policy nor the depreciability of overhead and profit. Instead, in Trinidad, the Third District examined a replacement cost policy that allowed the insurer to pay the lesser of several costs following a loss, including “[t]he necessary amount actually spent to repair or replace the damaged building.” 99 So.3d at 503. Specifically, the Third District considered whether the policy required the insured to incur or contract to incur expenses for overhead and profit before the insurer was obligated to pay for them and whether the insurance code permitted such a requirement. Id. at 503, 505. Based on the policy’s “unambiguous terms,” the Third District in Trinidad held that the insurer’s obligation to pay overhead and profit was contingent upon the insured satisfying one of the contractual conditions and that the “plain language” of the insurance code did “not require payment of profit and overhead which have not been incurred nor are likely to be incurred.” Id. at 505.
Instead of recognizing the differences in the decisions, the majority appears to extrapolate conflict between them based on how it would interpret Goff in light of the different set of facts in Trinidad. Specifically, relying on Black’s Law Dictionary’s definition of “actual cash value,” the majority notes that a replacement cost policy — generally—is a superior product designed to provide greater benefits to the insured than an actual cash value policy. Majority op. at 438. Since the actual cash value payment in Goff included overhead and profit, the majority concludes that Goff also requires payment made under a replacement cost policy (like the policy in Trinidad) to include overhead and profit if the insured is reasonably likely to need a general contractor for the repairs. Majority op. at 438, 442-43. However, as explained above, this is not what Goff held. Goff held that a portion of the paid overhead and profit could be withheld as depreciation in making the actual cash value payment required by the specific insurance policy in that case. 999 So.2d at 690.
Simply put, express and direct conflict is a consequence of plain language, not judicial construction. Because the Third District said nothing in Trinidad that expressly and directly conflicts with the Second District’s legally and factually distinguishable decision in Goff, I would find that review was improvidently granted and discharge this case for lack of jurisdiction. Therefore, I respectfully dissent.
CANADY, J., concurs.